■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM CHAPMAN, Appellant.—Harvey, J. Appeal, by permission, from an order of the County Court of Albany County (Turner, Jr., J.), entered July 11, 1984, which denied defendant's motion pursuant to CPL 440.20 to set aside the sentence following his conviction of the crime of assault in the first degree, without a hearing.

Defendant was convicted of assault in the first degree and sentenced to an indeterminate term of 20 years to life as a persistent felony offender. Defendant took an appeal from that conviction to this court and the conviction was affirmed without opinion (97 AD2d 682, lv denied 61 NY2d 673). Defendant then brought the instant motion to set aside his sentence, contending that he was improperly sentenced as a persistent felony offender under the provisions of Penal Law § 70.10. The People opposed the motion and County Court denied it on the basis that the issue presented had been determined on the merits on defendant's prior appeal to this court from his judgment of conviction. Defendant appeals the denial of his postjudgment motion by County Court, asserting that it was an abuse of discretion to deny his motion without a hearing.

CPL 440.20 (2) provides that the court must deny a motion to set aside a sentence when it is predicated on a ground or issue previously determined on the merits on an appeal taken from the judgment. In the instant case, defendant raised the issue of the propriety of his sentence as a persistent felony offender pursuant to Penal Law § 70.10 on the direct appeal to this court. Thus, he is not entitled to be reheard on the same issue on this motion to set aside his sentence (see, People ex rel. Pritchard v Harris, 82 AD2d 842, lv denied 54 NY2d 608).

Order affirmed. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.